MEMORANDUM ***
Petitioner-appellant Mirna Leticia Lopez petitions for review from a Board of Immigration Appeals (“BIA”) decision affirming an Immigration Judge’s (“IJ”) determination that she is not entitled to asylum, withholding of removal, or relief under the Convention Against Torture. Because Lopez failed to present evidence so compelling that a reasonable fact finder would have to find Lopez suffered past persecution or had an objectively reasonable fear of future persecution, we affirm the BIA’s determination.
(1) “To establish past persecution, ‘an applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is ‘on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either ‘unable or unwilling’ to control.’ ” Sinha v. Holder, 564 F.3d 1015, 1020 (9th Cir.2009) (quoting Navas, 217 F.3d at 655-56). If a petitioner fails to demonstrate past persecution, she can still show a well-founded fear of future persecution through “ ‘credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution.’ ” Rusak, 734 F.3d at 896 (quoting Duarte de Guinac v. INS, 179 F.3d 1156, 1159 (9th Cir.1999)). This Court must “uphold the BIA’s determination unless the evidence compels a contrary conclusion.” Prasad v. INS, 101 F.3d 614, 617 (9th Cir.1996) (citing INS v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). The BIA’s determination “can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.” Elias-Zacarias, 502 U.S. at 481, 112 S.Ct. 812.
An applicant seeking to establish past persecution must show that the harm the applicant suffered was inflicted on account of a protected ground. Sinha, 564 F.3d at 1020. Persecution is not “on account of’ a protected ground unless the persecution occurred “because of’ a protected ground. Parussimova v. Mukasey, 555 F.3d 734, 739 (9th Cir.2009). “Since the statute makes motive critical” an applicant “must provide some evidence of [motive], direct or circumstantial.” Elias-Zacarias, 502 U.S. at 483, 112 S.Ct. 812 (emphasis in original).
Here, Lopez testified that she did not know who killed her family members or why they were killed. The temporal proximity between Lopez’s father’s warning and his murder is not circumstantial evidence that, standing alone, compels finding that her father was murdered on account of his political beliefs. The fact that two other politically-active family members were murdered over a period of years does not add to the quantum of *683 proof in the absence of evidence of the motive for their murders or the identities of their killers. Accordingly, the evidence does not compel the conclusion that Lopez suffered harm on account of a protected ground.
(2) The BIA also determined that Lopez failed to show a reasonable fear of future persecution. Although “acts of violence against a petitioner’s friends or family members may establish a well-founded fear of persecution,” the violence must “create a pattern of persecution closely tied to the petitioner.” Korablina v. INS, 158 F.3d 1038, 1043-44 (9th Cir.1998). “Allegations of isolated violence are not enough” to demonstrate a pattern of persecution. Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (holding that the abduction of two geographically distant brothers did not support petitioner’s claim of a well-founded fear of persecution). Additionally, a petitioner’s claim to a well-founded fear of future persecution “is weakened, even undercut, when similarly-situated family members living in the petitioner’s home country are not harmed.” Sinha, 564 F.3d at 1022 (emphasis in original) (internal quotation marks omitted).
Lopez’s testimony has not established a pattern of persecution closely tied to her. As noted previously, the three murders she relies on occurred over the span of a decade, and Lopez did not know who killed her relatives or why they were killed. Since the BIA correctly determined that Lopez and her mother were similarly situated to each other, any claim of a well-founded fear is further undercut by the fact the Lopez’s mother has not been harmed.
The dissent relies on Mgoian v. INS, 184 F.3d 1029 (9th Cir.1999), but that case rested on considerations not here present. In Mgoian, the petitioner offered evidence that all of her principal family members were subjected to “forms of violence, persecution and harassment as members of the Kurdish-Moslem intelligentsia,” and that “virtually the entire Mgoian family [had been forced] to flee Armenia.” Mgoi-an, 184 F.3d at 1036-37. The petitioner herself was personally insulted and threatened by her Armenian neighbors. Significantly, the petitioner was able to explain with certainty why her family was singled out for persecution; namely, the Kurdish-Moslem intelligentsia was viewed as an enemy of the Armenian nation. Id. Here, in contrast, the petitioner herself suffered no threats or insults; there is no evidence that her family members were targeted because of their political views, or that the events were even related; and at least one other member of Lopez’s family with the same political affiliation lives in Guatemala unharmed.
In sum, there is no error in the BIA’s determination that Lopez does not have an objectively reasonably fear of future persecution.
Because the BIA correctly determined that Lopez failed to demonstrate past persecution or a reasonable fear of future persecution, this Court affirms the BIA’s denial of Lopez’s asylum claim.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.